ANNA MARIA MERRIAM, appellant, vs. JACOB HARSEN and others, respondents.—*Decree affirmed.* GEORGE WOOD, for appellant; JAMES W. GERARD, for respondents.

This case involved questions as to the powers and privileges of a *feme covert* in relation to the conveyance of real estate by her to her husband, through the medium of a third person; and the validity of such conveyances, &c. (Reported, 2 Barb. Ch. R. 232.)

THE MAYOR, &c. of New York, plaintiffs in error, vs. HORACE BUTLER, defendant in error.—*Judgment affirmed.* WILLIS HALL, for plaintiffs in error; CHARLES O'CONOR, for defendant in error.

This suit was commenced in the Superior Court of New York, to recover (in an action of debt) a balance due on a building contract. The question in the case involved the construction of a clause in the contract relative to the appointment of appraisers, and an umpire in case of disagreement, respecting certain extra work; and also whether the award of the umpire exceeded the matters submitted to him; and whether oral evidence might be given to invalidate the award, by showing that the arbitrators exceeded their powers, though the submission and award were in writing and under seal. (Reported, 1 Hill, 489, in Supreme Court. Reported, 7 Hill, 329, in Court of Errors, reversing the decision of the Supreme Court. On appeal to Supreme Court from the second trial. Reported, 1 Barb. Sup. Court Rep. 325.) This decision was affirmed by this court.

MATTHEW BARRON, plaintiff in error, vs. THE PEOPLE, defendants in error.—*Judgment reversed, venire de novo, by New York Oyer and Terminer.* EDWARD SANDFORD, for plaintiff in error; JOHN M'KEON, for defendants in error.

The deposition of a witness taken in a criminal case pursuant to the statute (1844, p. 476, § 11) relating to certain offences committed in the city of New York, may be read in evidence on the trial of an indictment *on proof* that the witness is a non-resident of the city at the time of the trial, and was so when the deposition was taken. (Reported, 1 Comstock, 386.